UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
WEST COAST 2014-7, LLC,

               Plaintiff,

         -against-

KENNETH SPELLER, *et al.*,

               Defendants.
------------------------------------------------------X

REPORT AND
RECOMMENDATION

20 CV 4187 (EK)(RML)

LEVY, United States Magistrate Judge:

By order dated December 30, 2020, the Honorable Eric R. Komitee, United States District Judge, referred plaintiff's motion for default judgment of foreclosure and sale to me for report and recommendation.[1]  For the reasons stated below, I respectfully recommend that plaintiff's motion be granted, that the court enter a judgment of foreclosure and sale in the amount of $61,811.07 plus interest, and that a referee be appointed to sell the mortgaged property.

## BACKGROUND AND FACTS

This is a diversity action to foreclose a mortgage loan.  Plaintiff West Coast 2014-7, LLC ("plaintiff" or "West Coast"), a California limited liability corporation whose members are citizens of California and Colorado, commenced this residential mortgage foreclosure action on September 9, 2020, pursuant to N.Y. REAL PROP. ACTS. LAW §§ 1301, et seq.  (See

---

[1] Since March 20, 2020, pandemic-related Executive Orders and statutes have imposed moratoria on residential and commercial foreclosures.  Most recently, the New York State legislature extended foreclosure protections through January 15, 2022 where certain hardship criteria were met.  Although the homeowner defendants in this case did not attempt to demonstrate hardship, despite being notified of their right to do so, in an exercise of discretion I have delayed issuing this Report and Recommendation until the moratorium ended.

Complaint, dated Sept. 8, 2020 ("Compl."), Dkt. No. 1, ¶¶ 1, 2.)  Defendants Kenneth Speller

and Lisa E. Speller (together, the "homeowner defendants") own the mortgaged property at 115-

22 220th Street, Cambria Heights, New York 11411 (the "Property"), and defendants Criminal

Court of the City of New York and New York City Parking Violations Bureau (the "creditor

defendants"), both judgment creditors, are in New York.  (Id. ¶¶ 3-6.)  Plaintiff has properly

pleaded jurisdiction pursuant to 28 U.S.C. § 1332.  (Id. ¶ 8.)

All defendants were properly served with the summons and complaint.  (See

Affidavits of Service, sworn to Sept. 24, 2020, Sept. 25, 2020, and Oct. 6, 2020, Dkt. Nos. 9-12.)

To date, no defendant has answered or appeared in this action.  The Clerk of the Court noted the

defaults of all defendants on December 8, 2020.  (Clerk's Entry of Default, dated Dec. 8, 2020,

Dkt. No. 14.)

### DISCUSSION

#### A.   Default Judgment Standard

It is well settled that a party's default constitutes an admission of all well-pleaded

factual allegations in the complaint, except those relating to damages.  Greyhound Exhibitgroup,

Inc. v. E.L.U.L. Realty Grp., 973 F.2d 155, 158 (2d Cir. 1992).  A default also effectively

constitutes an admission that damages were proximately caused by the defaulting party's

conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based

and caused injuries as alleged.  See id. at 159.  However, the district court "is also required to

determine whether the [plaintiff's] allegations establish [defendants'] liability as a matter of

law."  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  The court must ensure that there

is a reasonable basis for the damages specified in a default judgment, and it may rely on detailed

affidavits or documentary evidence.  OneWest Bank, NA v. Raghunath, No. 14 CV 3310, 2015

WL 5772272, at *2 (E.D.N.Y. Sept. 8, 2015), report and recommendation adopted sub nom.,

OneWest Bank, N.A. v. Raghun, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (citing

Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015)).  The moving party is entitled to

all reasonable inferences from the evidence it offers.  See Romanowicz, 577 F.3d at 84.

      B.  Liability and Damages

A plaintiff "is entitled to foreclosure if it alleges 'the existence of an obligation

secured by a mortgage, and a default on that obligation.'"  Raghunath, 2015 WL 5772272, at *3

(quoting 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08 CV 3401, 2010 WL 4608326, at *3

(E.D.N.Y. July 13, 2010)); see also OneWest Bank, N.A. v. Hawkins, No. 14 CV 4656, 2015

WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), report and recommendation adopted, 2015 WL

5706953 (E.D.N.Y. Sept. 28, 2015); United States v. Watts, No. 13 CV 3211, 2014 WL

4275628, at *2 (E.D.N.Y. May 28, 2014), report and recommendation adopted, 2014 WL

4293815 (E.D.N.Y. Aug. 28, 2014); FirstStorm Partners 2 LLC v. Vassel, No. 10 CV 2356, 2012

WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012), report and recommendation adopted, 2012 WL

1885861 (E.D.N.Y. May 23, 2012).  "If those elements are established, the mortgagee has a

'presumptive right to collect.'"  Raghunath, 2015 WL 5772272, at *3 (quoting Vassel, 2012 WL

1886942, at *3).

On October 13, 2006, the homeowner defendants executed and delivered a note

(the "Note") to National City Bank in the principal amount of $68,500, secured by a mortgage

(the "Mortgage") on the Property executed on the same date.  (Compl. ¶¶ 10, 11; Note, attached

to Compl. as Ex. C; Mortgage, attached to Compl. as Ex. B.)  The Mortgage was duly recorded

in the office of the City Register, Queens County, on March 2, 2007.  (Compl. ¶ 10; Declaration

of Regularity of Alan H. Weinreb, Esq., dated Dec. 28, 2020 ("Weinreb Decl."), Dkt. No. 15-1,

Ex. B.) After a number of assignments, plaintiff is now the owner and holder of the Note and Mortgage. (Compl. ¶¶ 12, 14; Assignments of Mortgage, attached to Compl. as Ex. D.)

The homeowner defendants failed to make the monthly payments due on and after August 1, 2014, and the default continues to date. (Compl. ¶ 15.) Plaintiff complied with the contractual terms of the Note and Mortgage, and with N.Y. REAL PROP. ACTS. LAW § 1304(1), by issuing a 90-day notice to cure on April 24, 2020.[2] (Id. ¶ 16, Ex. E.) Plaintiff has also filed a notice of pendency in the Queens County Clerk's Office, as required by N.Y. C.P.L.R. § 6511(a). (Weinreb Decl. ¶ 4.)

According to Glenn Ohno, Vice President of Operations of West Coast Servicing, Inc. (plaintiff's managing member), the homeowner defendants owe the unpaid principal balance of $61,811.07. (Affidavit of Glenn Ohno, sworn to Dec. 22, 2020 ("Ohno Aff."), Dkt. No. 15-6, ¶ 6.) Interest is also due at the default rate of 10.25 percent, from July 1, 2014 through the date of judgment. (Id. ¶ 8; see also Note ¶ 3.) Plaintiff calculates the interest as $40,882.80 as of December 10, 2020. (Ohno Aff. ¶ 8.) Plaintiff does not request attorney's fees. (Weinreb Decl. ¶ 8.) I recommend that plaintiff receive a judgment of $61,811.07 from the homeowner defendants for the amount owed on the Note, and that plaintiff be awarded interest of $40,882.80, plus interest at the rate of 10.25 percent from December 11, 2020 through the date of judgment.[3]

Additionally, plaintiff requests that the court appoint a referee to sell the Property, and that it be sold as one parcel, explaining that it consists of "one (1) parcel of land under one

---

[2]  Plaintiff has also submitted proof of proper service of the 90-day notice on the homeowner defendants. (See Compl., Ex. E.)

[3]  The interest is calculated as follows: $61,811.07 x 10.25% /365 = a per diem rate of $17.36.

(1) tax lot located in the County of Queens, State of New York." (Weinreb Decl. ¶ 10.)  Because

plaintiff has submitted a detailed description of the Property (see Compl. ¶ 1, Ex. A), and this

fact is well-pleaded, I find that the Property should be sold as one parcel.  Courts routinely

appoint referees to effectuate the sale of foreclosed properties.  See, e.g., PMP Tech. Servs., LLC

v. Mazoureix, No. 14 CV 4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015); Eastern

Sav. Bank v. Evancie, No. 13 CV 878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014).

Accordingly, I recommend that the court appoint a referee to manage the foreclosure and sale.

Since plaintiff has not requested that any specific person be appointed as referee, I further

recommend that the court require plaintiff to propose the names of three referees by letter to the

court, along with a brief description of their qualifications, prior to making the appointment.

### C. Creditor Defendants

The complaint names as defendants the Criminal Court of the City of New York

and the New York City Parking Violations Bureau because they are alleged to have judgments

against the homeowner defendants or the Property.  (Compl. ¶¶ 5, 6.)  N.Y. REAL PROP. ACTS.

LAW § 1311 provides that the necessary parties to a mortgage foreclosure action include

"[e]very person having any lien or incumbrance upon the real property which is claimed to be

subject and subordinate to the lien of the plaintiff."  N.Y. REAL PROP. ACTS. LAW § 1311(3).

"This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights

of redemption of all those who have a subordinate interest in the property and to vest complete

title in the purchaser at the judicial sale.'"  Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 CV

5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting N.C. Venture I, L.P. v.

Complete Analysis, Inc., 803 N.Y.S.2d 95, 98 (2d Dep't 2005)).

Courts in this district have found that entry of a default judgment "is appropriate where the complaint alleges 'nominal liability—i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" Id. (quoting Christiana Bank & Tr. Co. v. Dalton, No. 06 CV 3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009)).  Here, plaintiff alleges that the creditor defendants have "some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to" plaintiff's mortgage.  (Compl. ¶ 7.)  Plaintiff also attaches a copy of a title search reflecting those judgments.  (See id., Ex. F.)  These allegations establish the creditor defendants' nominal liability and satisfy New York's heightened pleading requirements for city defendants.  See N.Y. REAL PROP. ACTS. LAW § 202-a(1) ("Where a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property," the plaintiff must include in the complaint "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant."); CIT Bank v. Dambra, No. 14 CV 3951, 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015) (nominal liability was well-pleaded where plaintiff submitted title searches reflecting monies owed to the New York Environmental Control Board and the New York City Parking Violations Bureau), report and recommendation adopted, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).  I therefore respectfully recommend that default judgments also be entered against the creditor defendants.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted as to all defendants and that the court enter a judgment of

foreclosure and sale against defendants Kenneth Speller and Lisa E. Speller in the amount of

$61,811.07, plus interest at the rate of 10.25 percent per annum.  I further recommend that a

referee be appointed to sell the Property at auction to the highest bidder, in accordance with N.Y.

R.P.A.P.L. Article 13, and that plaintiff be required to submit the names of three proposed

referees.

   Plaintiff is directed to serve copies of this Report and Recommendation on all

defendants upon receipt, and to file proof of service with the court within ten days of this Report

and Recommendation.  Any objections to this Report and Recommendation must be filed with

the Clerk of the Court, with courtesy copies to Judge Komitee and to my chambers, within

fourteen days.  Failure to file objections within the specified time waives the right to appeal the

district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

         Respectfully submitted,


         _____/s/_____
         ROBERT M. LEVY
         United States Magistrate Judge

Dated: Brooklyn, New York
   January 25, 2022